BINGHAM, Respondent, v. CLARK, Appellant.

(209 N. W. 540.)

(File No. 5678. Opinion filed July 6, 1926.)

1. **Reference—Court Rules—Plaintiff's Notice of Election to End Reference, When Referee's Report Was Late, Held to End Reference, and to Put Cause Before Court for Disposition (Rule 39, Trial Court Rules).**

Plaintiff's notice to defendant that he elected to end reference, when referee's report was not filed within time stipulated in rule 39 of Trial Court Rules, held to terminate reference, putting cause before court for disposition as though no reference had been had.

2. **Reference.**

Irregularity of trial by court after termination of reference, had on transcript of testimony taken before referee, held waived, where parties agreed to such procedure.

3. **Appeal and Error.**

In absence of objection shown in record, Supreme Court will presume that parties agreed to trial, after termination of reference, on transcript of testimony taken before referee.

---

Note.—See, Headnote (1) and (2), American Key-Numbered Digest, Reference, Key-No. 75½, 34 Cyc. 833; (3) Appeal and error, Key-No. 924, 4 C. J. Sec. 2694 (Anno).

Appeal from Circuit Court, Marshall County; Hon. W. N. SKINNER, Judge.

Action by George Bingham against Thomas Clark. Judgment for plaintiff, and defendant appeals. Affirmed.

*Howard Babcock,* of Sisseton, *Buell F. Jones,* of Britton, and *Howard G. Fuller,* of Pierre, for Appellant.

*Sherin & Sherin,* of Watertown, for Respondent.

GATES, P. J. This case was referred to a referee appointed by Judge Skinner, sitting in place of the trial judge, who was disqualified. The referee proceeded to take the testimony. The cause was finally submitted to him on briefs on February 25, 1921. Rule 39 of Trial Court Rules provides:

"The referee must report to the court his findings of fact and conclusions of law by filing the same with the clerk of the court within twenty days after the case is finally submitted, but the time may be extended by the consent of the parties or by order of

court. If time for serving and filing briefs is desired by either party the matter shall not be deemed to be finally submitted until the briefs are filed or the time for filing them has expired. If the report is not filed within the time herein specified, or as extended, either party may, before it is filed, serve notice upon the adverse party that he elects to end the reference. In such case the action must thenceforth proceed as if the reference had not been directed, and the referee shall not be entitled to any fees."

[1] The report of the referee not having been filed, the plaintiff, on May 19, 1921, served a notice on defendant that he elected to end the reference. The reference was thereby effectually terminated, and the cause was then before the court for disposition as though no reference had been had. Any further action on the part of the referee was a nullity. Gregory v. Cryder, 10 Abb. Prac. (N. S.) 289.

On May 23, 1921, plaintiff served notice of hearing of the cause before the court on June 6, 1921, and stated the following therein:

"That the issues in said case will be brought on for hearing before the court upon the evidence heretofore taken before the referee and reduced to writing, together with all depositions and exhibits offered and received in evidence before the referee, and upon any other evidence that either party may desire to offer before the court, and which the court may permit to be offered. That all of the evidence will be submitted to the court, and the matter argued before the court at that time, or at such time as the court may then fix for such hearing, and the court will be required to make its findings of fact and conclusions of law and judgment upon the issue of this case, when all the facts and arguments of counsel are finally submitted to the court."

On June 6, 1921, defendant sought a continuance, and, Judge Skinner being absent, Judge Dillman made an order continuing the hearing until July 6, 1921.

On May 28, 1921, the referee filed his report. On June 13, 1921, plaintiff served notice of motion returnable July 6, 1921, to strike said report from the files.

On July 6, 1921, the cause was heard before the court, and on August 1, 1921, the court made findings of fact and conclu-

sions of law in favor of plaintiff, and rendered judgment accordingly. Defendant appeals from the judgment only. His assignments of error are as follows:

"I. The court erred in the entry of said judgment for the reason that there was no trial in the court below or default authorizing the entry of the same;

"II. That the pleadings, findings, and judgment roll are insufficient to support said judgment in this: (1) That said judgment roll and said findings of fact, by the recitals therein contained, affirmatively show that the only matter presented to the court for determination was a motion by the respondent, plaintiff, to strike the referee's report and vacate the same, not on exceptions to said findings but for the specific reason that the reference had been ended; (2) that, if the reference had been ended, as plaintiff claimed, the judgment was illegal; and (3) the appellant concedes that the reference was effectively terminated."

The following appears as a portion of the preface to the findings and conclusions made by the trial court:

"That thereafter, this court heard the arguments of counsel for both sides and read the transcript of the evidence in the case and after being fully advised in the premises, the court rejects the findings and conclusions of the referee herein, and makes its own finding of fact and conclusions of law herein, as follows."

[2, 3] Of course, it was irregular for the trial judge to try the case upon the transcript of the testimony taken before the referee. The reference was at an end, and the court should have proceeded with the trial of the case as though there had been no reference. But, if the parties agreed to use as the evidence before the court the evidence that was before the referee, the irregularity was waived, and appellant may not be heard to complain thereof. The record fails to disclose any objection on the part of appellant to such procedure. We therefore must assume that there was no objection.

Appellant's assignments of error are without merit. The judgment is affirmed.

KNIGHT, Circuit Judge, sitting in lieu of DILLON, J.